## Timothy Gruaz, for use of J. L. Lewis

### v.

## A. W. Le Crone.

*Contracts—Action on Due Bill—To be Paid Out of Proceeds of Sale of Land—Implied Promise to Sell Land—Time of Performance.*

1. Where a contract is silent as to the time of performance, a reasonable time is presumed to be intended.

2. An instrument recited that a certain sum was due to the payee, "received in advance payment on our joint ownership of" a certain tract of land, "payable out of the proceeds of the sale of said land;" this court holds that the legal import of the instrument was that the maker agreed to sell the land described within a reasonable time, and at once, out of the proceeds, pay to the payee the sum named, and that upon the breach of such contract a suit at law could be maintained.

[Opinion filed December 7, 1892.]

Appeal from the Circuit Court of Effingham County; the Hon. S. Z. Landes, Judge, presiding.

Mr. WILLIAM B. WRIGHT, for appellant.

Messrs. R. C. HARRAH and B. OVERBECK, for appellee.

MR. JUSTICE GREEN.   This suit was brought to recover on the following instrument:

"EFFINGHAM, ILL., January 18, 1884.

"Due Timothy Gruaz, or order, twelve hundred dollars, value received, in advance payment on our joint ownership of N. W. ¼ and E. ½ S. W. ¼ Sec. 13, T. 6 N., R. 6 E., in Effingham County, Ills., without interest, payable out of the proceeds of the sale of said land.

A. W. LE CRONE."

Appellee contends no suit can be maintained at law upon this instrument, "because it is payable on an uncertain contingency, and out of a particular fund, and because it is the acknowledgment of an interest in real estate, the declaration of a trust, and the only form in which the trust can be disclosed is a court of equity."   We find no element of a trust evidenced by the instrument sued on, and conceding it is not negotiable, it appears by the averments of the amended declaration, that Timothy Gruaz, the payee named in the instrument, and who has the legal title thereto, is the plaintiff, and sues for the use of J. L. Lewis.   The only other material question, therefore, necessary to decide, is whether a suit at law can be maintained on ·the instrument.   It contains the name of a payee to whom is to be paid a sum specified by a maker who executes the instrument, but no time for performance is mentioned; hence it is supposed by counsel for appellee to lack certainty in that regard.   In this, counsel are mistaken; where no time for performance is mentioned the performance is, by legal implication, to be within a reasonable time.   Driver v. Ford, 90 Ill. 598.

Where a note was made payable from avails of logs bought of M. M., when a sale thereof was made, it was held such note was not a note payable upon a contingency, but absolutely, and when a reasonable time had elapsed to make sale of the logs.   Sears v. Wright, 24 Maine, 278.

When the maker of a note promises to pay a sum certain when he "shall sell the place he lives on," the debt is absolute, though its payment is postponed, and it is the duty of the maker to sell in a reasonable time. Crooker v. Holmes, 65 Maine, 195. If we interpret the instrument sued on by the light of the above cited decisions, its legal import is that appellee thereby promised Gruaz to sell the land described within a reasonable time after the execution of the instrument and out of the proceeds of such sale immediately pay $1,200 to Gruaz. A breach of this contract and a right of action to recover the sum named therein would arise if the maker failed to sell the land within such reasonable time, and out of the proceeds pay the sum he had promised to pay to Gruaz. The amended declaration consisted of five special counts and a common consolidated count for money lent and advanced, money paid, money had and received, and money due for interest. A general demurrer to the amended declaration, and each count thereof, was sustained by the court below. In the 3d, 4th and 5th special counts and in each of them a legal cause of action was averred in accordance with our view as before expressed, and the common count was in the usual form. The court erred in sustaining the demurrer and for that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*